UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-10816-RWZ

JOSEPH P. SCHMITT

v.

CARLIN SEWARD, *et al.*

ORDER

August 31, 2011

ZOBEL, D.J.

On May 18, 2009, plaintiff brought this action against several employees of the Department of Corrections ("DOC") and another inmate, Carlin Seward, to seek redress for disciplinary sanctions imposed against him allegedly as a result of accusations by Seward. Some three months after commencement of the suit, plaintiff moved for default judgment against Seward but on January 20, 2010, he sought to dismiss the action against Seward and filed a stipulation of settlement with Seward. (Docket ## 47 and 48). On February 18, 2010, plaintiff moved to withdraw the complaint against all DOC defendants (Docket # 55), which the court allowed as a motion under Fed. R. Civ. P. 41(a)(2) on March 5, 2010. On the same day it also allowed plaintiff's motion to dismiss the complaint against Seward (Docket # 47), and judgment was entered dismissing the entire complaint without prejudice (Docket # 56).

On March 15, 2010, plaintiff moved for orders that the DOC "comply with the 'Stipulation of Settlement' ....and freeze Seward's institutional account for $838," and

that Seward comply, as well.  In the alternative, he requested that the case be reinstated against Seward only (Docket # 60).  This motion was denied as to the DOC defendants because they were not parties to the settlement and as to Seward because the record included no evidence that he had been served with the motion (Docket # 64).  After plaintiff served Seward, the motion to reinstate the case "presumably pursuant to Fed. R. Civ. P. 60(b)(6), and for an assessment of damages" was allowed. (Docket # 67).  After hearing the court, on July 28, 2010, entered default judgment in favor of plaintiff against Carlin Seward in the amount of $190.00 (Docket # 72).  Plaintiff timely filed a notice of appeal (Docket # 89) but continued his collection efforts unabated.

On December 9, 2010, Seward moved to vacate the judgment which was followed by plaintiff's motion to the same effect together with a request to dismiss the appeal (Docket ## 92 and 101).  On June 13, 2011, the Court of Appeals ordered this court to decide both motions to vacate its judgment.  Since then, on June 20, 2011, plaintiff presented an "Emergency Motion to Stay Action" (Docket # 103) which requests a delay in deciding the motions to vacate judgment as he claims that he was never served with Seward's motion and is now in "seg" and unable to access his legal materials.  On July 20, 2011, he moved to withdraw Docket # 101, his motion to vacate default judgment (Docket # 105).

The motion to stay is denied as Seward's motion to vacate judgment and the attachments thereto certify service on plaintiff and the time for filing opposition has long passed.  Plaintiff's motion to withdraw his motion to vacate judgment is allowed.

2

Seward's motion to vacate judgment is denied. Seward has not shown good cause under either Fed. R. Civ. P. Rule 55(c) or Rule 60(b) to lift the default judgment against him based on his affidavit that Lt. Brouillette told him sometime around May 29, 2009, not to "worry about" plaintiff's lawsuit. See Ungar v. Palestine Liberation Organization, 599 F.3d 79, 83-84 (1st Cir. 2010) (citing Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989)). The history of the case -- particularly this court's telephone conference on July 15, 2010, which included both plaintiff and Seward -- makes clear that Seward knew of the claims against him and that he knew he had to respond, as he did by entering into the settlement with plaintiff. The default then resulted from defendant's failure to carry out the terms of the settlement.

    August 31, 2011                    /s/Rya W. Zobel
        DATE                              RYA W. ZOBEL
                                          UNITED STATES DISTRICT JUDGE